# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

REVEREND EVERETT EUGENE SCHOFIELD,
aka Gene Schofield,
        Plaintiff

v.

TOP DOG RECORDS (UK-ENGLAND)
TOP DOG RECORDS (U.S.A.)
ROBERT JAMES RITCHIE, (AKA KID ROCK)
MUSIC STACK (WEBSITE)
DAVID STACK
ONLINE NORTHERN SOUL PRICE GUIDE (WEBSITE)
DISCOG (RECORD MANUFACTURER/WEBSITE)
        Defendants

## Introduction

1. This is a action for violation of the federal copyright law, 17 U.S.C. Sec. 501. plaintiff, a professional songwriter and recording artist, is the holder of valid copyright(s) for the song "You Turned My Life Around" which appears on the 45 RPM record under plaintiff's aka (Gene Schofield) name. See exhibit-A &B attached herewith.

2. In blatant disregard of plaintiff's rights, defendants have Displayed, copied distributed and sold said song for financial gain without the expressed consent of the plaintiff who is the sole copyright owner of said song that is registered with the Library of Congress' copyright office in

Washington, DC., i.e. (Songs of Liberation # PAU000643911 (1984).

3. Plaintiff is seeking considerable money damages from the defendants separately and jointly for their violation of plaintiffs rights and seeking an injunction from this Honorable Court to prohibit the defendants from continuing violating plaintiff's rights. This action is brought in order to remedy the injuries inflicted by defendants and enjoin them from copying, displaying selling and distributing plaintiffs copyrighted (song) in the future.

## JURISDICTION

4. This case arises under the federal copyright law 17 U.S.C. Sec. 501. Jurisdiction is vested in this Honorable Court pursuant to 28 U.S.C. 1338 (a) and 1331. Venue is proper in this district as plaintiff resides in this District

## PARTIES

5. plaintiff, Reverend Everett Eugene Schofield, aka Gene Schofield, has established himself a professional career in the music industry as a songwriter/recording artist/record producer/ promoter and record label executive since 1981-present. The plaintiff resides in Boston, MA

2

6. Defendant Top Dog Records (UK-ENGLAND) is an established record label with a music marketing website whose business is to display sell and distribute records (songs) to the public via the internet. Top Dog Records (UK-ENGLAND) place of business is 53 Tilnor Crescent, Dursley, England GL115RZ,Gloucestershire UK.

7. Defendant Top Dog Records (U.S.A.) is an established record label with a music marketing website whose business is to display sell and distribute records via the internet. Top Dog Records (USA) place of business is P.O. Box 1366, Royal Oak, MI 48068 and or Top Dog Records 5799 Terex Clarkston, MI 48346 .

8. Defendant Robert James Ritchie is the founder/owner of Top Dog Records (U.S.A.). He is also an established recording artist (Rapper) performer/actor.

9. Defendant MusicStack is a music marketing company with a website whose primary business is to display /promote/sell and distribute records/music over the internet.

10. Defendant David Stack is founder/owner of defendant MusicStack whose address is 2920 Jay Avenue, Cleveland, OH 44113.

3

11. Defendant Online Northern Soul Price Guide is a music marketing company with a website who business is to display sell, advertise and distribute music/records over the internet.

12. Defendant Discog and is record pressing plant/company with a website that displays, sells and distributes music/records over the internet.

## FACTS

13. On and about January 10, 2016 plaintiff was with Rock Legend Recording Artist Andy Pratt at Victoria's Diner having lunch when Mr Andy Pratt told plaintiff that he (Andy) had seen plaintiffs music over the internet the day before while surfing the internet/web.

14. Plaintiff asked Andy Pratt to show plaintiff where he (Andy) had seen plaintiffs music. Andy Pratt reached for his cell phone and typed in the social media (Google) the words, "Gene Schofield "You Turned My Life Around".

15. Upon looking at Andy Pratt's cell Phone screen. Plaintiff saw several websites of the defendants separately and jointly appear, that had

4

plaintiff's name, "Gene Schofield", with the title of plaintiff's previously recorded song "You Turned My Life Around" that was released on the plaintiff's independent record label "JONE RECORDS", that he started in 1988.

16. Plaintiff discovered that the defendants separately and jointly, were engaged in displaying, copying, selling and distributing plaintiff's record/song "You Turned My Life Around", since 2013, without the expressed consent or authorization of plaintiff, who is the sole copyright owner.

17. Defendant Top Dog Records (UK-ENGLAND) was on defendant MusicStacks website displaying, selling and distributing plaintiff's (song), "Turned My Life Around" for the price of $64.39.

18. In another separate page/item, defendant Top Dog Records (UK-ENGLAND) and defendant MusicStack were jointly displaying, selling and distributing the instrumental (B-side) of plaintiffs copyright, (song) "You Turned My Life Around" for the price of $28.41. shown on the front page And shown again for the price $64.39 on defendants MusicStack (music Marketing page) and Top Dog Records (UK-ENGLAND) joint page.

19. Through research, plaintiff discovered that defendants David Stack and MusicStack both have benefited financially from the sales of

5

plaintiffs copyright (song), "You Turned My Life Around", by the sale(s) on MusicStacks website, and defendant David Stacks is the founder/owner of MusicStack.

20. Plaintiff discovered through facts on record that defendant TOP DOG RECORDS (U.S.A.) founder is Robert James Ritchie also known as Kid Rock, did benefited from the sales of plaintiff's song "You Turned My Life Around", because defendant Robert James Ritchie owns 25% of defendant Top Dog Records (UK-ENGLAND) where defendant Ritchie derives a substantial amount of monies from defendant Top Dog Records (UK-ENGLAND) record sales that include record sales of plaintiff's copyright (song), "You Turned My Life Around", in violation of plaintiff's exclusive copyrights under U.S.C. Title 17 sec. 501

21. Defendant Online Northern Soul Price Guides website is displaying plaintiff's copyright (song) on a compiled list of 45 records and has listed three actual dates that plaintiff's record (song) was in fact sold. The three separate dates were (4/10/2013, priced in English pounds for 11.09, and on 5/4/2013 priced in English pounds at 7.06 and on 7/26/2013 priced in English pounds at 6.71.

22. That, defendant Discog as a record manufacture who displayed, copied, sold and distributed plaintiff's copyright (song) "You Turned My Life Around" on it's website in the words "DOWNLOAD A FREE AUDIO-BOOK Gene Schofield discography.

23. A second website of defendant discogs, displays and refers to Plaintiff's copyright (song) "You Turned My Life Around", as being a Funk/Soul(Genre) and Gospel (Style) under Gene Schofield-You Turned My Life Around (Vinyl) at Discogs>Release and Mobile friendly Find Gene Schofield You Turned My Life Around first pressing or reissue. Complete your Gene Schofield collection.

24. As a direct and proximate result of defendants' conduct as described above, Plaintiff has suffered considerable economic damages and irreparable injury, and will continue to suffer such injury if defendants' displaying, copying, selling and distribution, of their infringing actions and inaction's are not enjoined.

## CLAIMS/CAUSES OF ACTION

### 25. (COPYRIGHT INFRINGEMENT)

Defendants' above described actions constitute copyright infringement under 17 U.S.C. Sec. 501

### 26. (INTERNET COPYRIGHT INFRINGEMENT)

Defendants above described actions constitute internet copyright infringement, whereby defendants displaying, sales and distribution of plaintiff's song "You Turned My Life Around", was done through their separate and joint website(s) on the internet.

### 27. PRAYER FOR RELIEF

Wherefore plaintiff prays that this Honorable Court grant the following relief.

(a) Both monetary and punitive damages in the amount of two hundred fifty thousand dollars ($250.000) from each defendant separately.

(b) For the amount equal to defendant's' profits and plaintiff's damages pursuant to the Copyright law or in lieu thereof, for statutory damage under sec. 504 (c) of the Copyright Law;

(c) For impoundment of any and all copies of plaintiff's copyright, song, by which the defendants' may, or have in their possession,

8

including any infringing material that could display, copy, sell or distribute plaintiff's song;

        (d) For plaintiff's cost and attorney's' fees;

        e) For a preliminary and permanent injunction against defendants' infringing activities as described above.

        (f) For such other and further relief as this Honorable Court deems just under the circumstances;

        (g) Plaintiff Demands Trial By Jury.

Dated: 7/13/2016

*Reverend Everett Eugene Schofield, pro se*
Reverend Everett Eugene Schofield, pro se
39 Boylston St.
Boston, MA 02116